```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA

                      Norfolk Division
```

| | | |
|---|---|---|
| THOMAS W. LOVEGROVE, | ) | Civil Action No. |
| | ) | |
| Plaintiff, | ) | 2:16cv 418 |
| | ) | |
| v. | ) | |
| | ) | |
| BROCK & SCOTT, PLLC, | ) | |
| | ) | |
| Defendant. | ) | |

CLASS ACTION COMPLAINT

COMES NOW Thomas W. Lovegrove, personally, and on behalf of a class of consumers similarly situated to him, who moves this Court to grant him judgment for the reasons stated herein.

JURISDICTION

1. This Court has jurisdiction pursuant to its federal question jurisdiction, 28 U.S.C. § 1331, and pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d).

PARTIES

2. Plaintiff Thomas W. Lovegrove (Lovegrove) is a citizen of Virginia.

3. Lovegrove is a consumer within the meaning of the FDCPA, as defined in 15 U.S.C. § 1692a(3).

4. Defendant Brock & Scott, PLLC ("Brock & Scott") is a law firm, organized under the laws of North Carolina. Brock & Scott maintains an office within this judicial district and division, at 484 Viking Drive, Ste. 203, Virginia Beach, Virginia.

5. The principal purpose of Brock & Scott's business is the

1

collection of debts for its clients, creditors to whom debts are allegedly owed by consumers.

6. Brock & Scott regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

7. Brock & Scott uses one or more instrumentalities of interstate commerce or the mails in its business, the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

### 1. Facts Regarding Brock & Scott's Regular Practices.

8. Brock & Scott regularly demands payment from consumers of debts allegedly owed to Brock & Scott's clients.

9. Brock & Scott regularly states in its communications with consumers that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and that the communication is from a debt collector.

10. Brock & Scott regularly sends to consumers from whom it seeks to collect an alleged debt a form letter, which Brock & Scott calls the "Fair Debt Letter." Brock & Scott's Fair Debt Letter states:

> Unless, within 30 days after receipt of this notice, you notify this office in writing within the thirty (30) day period after receipt of this notice, you dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by this office.
>
> If you notify this office in writing within the thirty (30) day period after receipt of the notice that you dispute all or a portion of this debt, our office will obtain verification of the debt or a copy of a judgment against you and mail it to you.

2

11. A typical Brock & Scott "Fair Debt Letter" is attached as Exhibit A. Throughout this Complaint, the form letter that is at Exhibit A will be referred to as the "Fair Debt Letter."

12. Brock & Scott regularly and systematically fails to provide meaningful verification of debts required by the FDCPA at 15 U.S.C. §1692g(b), even after Brock & Scott has received written request from consumers, based upon Lovegrove's experience, information, and belief. Brock & Scott has denied in a pleading filed in this Court by its counsel (Docket No. 5 ¶ 12, Case No. 3:14-cv-00841-REP) that it regularly attempts to provide verification of debts required by the FDCPA at 15 U.S.C. §1692g(b), upon written request from consumers.

> 13. Brock & Scott regularly and systematically continues to collect debts from consumers, even after it has received a written dispute from such consumers within thirty days of the consumers' receipt of the Fair Debt Letter, and after Brock & Scott has failed to provide meaningful verification of debts required by the FDCPA, 15 U.S.C. § 1692g(b).

### 2. Facts Regarding Brock & Scott's Collection Action Against Lovegrove.

14. Brock & Scott sent Lovegrove the letter attached as Exhibit A, which contained the language quoted in paragraph 10 above.

15. Lovegrove had a reasonable basis for disputing that he owed the debt to the creditor for whom Brock & Scott was collecting the debt.

16. Lovegrove's counsel sent Brock & Scott the letters attached as Exhibit B, disputing the validity of the debt and requesting verification of the debt.

17. Brock & Scott acknowledged receipt of the letter from Lovegrove's counsel on June 3, 2016. Exhibit C.

18. Brock & Scott failed to provide verification of the debt to Lovegrove or to investigate the alleged debt to determine if it was valid.

19. Brock & Scott continued to collect the debt from Lovegrove, even after he, through counsel, disputed the debt and requested verification of the debt, and even though Brock & Scott failed to provide meaningful verification of the debt to Lovegrove or to investigate the alleged debt to determine if it was valid. Specifically, Brock & Scott scheduled a foreclosure sale of Lovegrove's home for July 5, 2016, even after Lovegrove, through counsel, disputed the debt and requested verification of the debt, and even though it failed to provide meaningful verification of the debt to Lovegrove or to investigate the alleged debt to determine if it was valid.

20. Brock & Scott mailed to Lovegrove the documents attached as Exhibit D, which were attempts to collect a consumer debt from Lovegrove.

21. The documents at Exhibit D were sent to Lovegrove even after Lovegrove, through counsel, disputed the debt and requested verification of the debt, and even though it failed to provide meaningful verification of the debt to Lovegrove or to investigate the alleged debt to determine if it was valid.

22. Lovegrove filed Case No. 16-1269 in the Circuit Court of Franklin County, Virginia on June 27, 2016, seeking an injunction to enjoin Trustee Services of Virginia, L.L.C., an alter ego of Brock

& Scott, that performs foreclosures in Virginia, from foreclosing on Lovegrove's home.

23. On June 30, 2016, the Circuit Court of Franklin County held a hearing on Lovegrove's motion for a temporary injunction to prohibit Trustee Services of Virginia, L.L.C. from conducting a foreclosure sale on July 5, 2016.

24. Attorney Robert Oliveri, an employee of Brock & Scott, appeared at the hearing on behalf of Trustee Services of Virginia. Brock & Scott argued in court that an injunction should not be granted and that the foreclosure sale should proceed, even though Lovegrove, through counsel, had disputed the debt and requested verification of the debt, and even though Brock & Scott failed to provide meaningful verification of the debt to Lovegrove or to investigate the alleged debt to determine if it was valid.

25. The Franklin County Circuit Court judge orally indicated that he would grant the motion for a temporary injunction. Mr. Oliveri then stated that Brock & Scott would cancel the sale scheduled for July 5, 2016.

26. Mr. Oliveri was specifically advised by Lovegrove and his counsel on June 30, 2016, that Lovegrove disputed the debt and requested verification of the debt, and that Lovegrove's counsel had previously written to Brock & Scott disputing the debt and requesting verification of the debt, and that Brock & Scott had failed to provide meaningful verification of the debt to Lovegrove or to investigate the alleged debt to determine if it was valid.

27. Mr. Oliveri stated that he knew, and agreed, that Brock & Scott was prohibited by the FDCPA from collecting the debt from Lovegrove

or conducting a foreclosure sale of his property until Brock & Scott had verified the debt and provided verification of the debt to Lovegrove.

28. Brock & Scott has now scheduled a foreclosure sale of Lovegrove's home for July 27, 2016, and posted the notice of sale on its public website, as shown in Exhibit E, which is a screen shot from Brock & Scott's website.

29. Brock & Scott has scheduled the July 27, 2016 foreclosure sale, knowing that it prohibited from doing so by the FDCPA, but doing so anyway, without regard to Mr. Lovegrove's rights or the requirements of the FDCPA.

### 3. Brock & Scott Has Violated 15 U.S.C. § 1692g as a Business Practice.

30. Brock & Scott knows its responsibilities under the debt verification requirements of 15 U.S.C. § 1692g, and its actions are not a result of inadvertence or a bona fide error. In 2011, the United States District Court for the Middle District of North Carolina granted summary judgment to a consumer who alleged that Brock & Scott violated 15 U.S.C. § 1692g by failing to provide verification to her after she notified Brock & Scott in writing within the thirty day period after receipt of Brock & Scott's Fair Debt Letter that she disputed all or a portion of the debt, but Brock & Scott sued her on the debt prior to mailing verification of the debt to the consumer. *See Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011). In 2014, Brock & Scott was sued in a class action lawsuit in this Court for failing to meet the debt verification requirements of 15 U.S.C. § 1692g, and settled the case

by paying money to members of the class. *See Cornel v. Brock & Scott, PLLC*, Case No. 3:14-cv-00841-REP (U.S. Dist. Ct. E.D. Va.). Brock & Scott was on notice, after the *Garcia-Contreras* and *Cornel* cases, of its requirements to verify debts under the FDCPA.

## ALLEGATIONS REGARDING THE PROPOSED CLASS ACTION

31. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lovegrove brings this action for himself and on behalf of a class initially defined as:

### The Main Class

(a) Definition of Main Class (who are eligible for relief under Count III):

(1) All persons, nationwide, to whom Brock & Scott sent, within the two years preceding the filing of this Complaint, a letter with the following words:

*Unless, within 30 days after receipt of this notice, you notify this office in writing within the thirty (30) day period after receipt of this notice, you dispute the validity of this debt, or any portion thereof, the debt will be assumed to be valid by this office.*

*If you notify this office in writing within the thirty (30) day period after receipt of the notice that you dispute all or a portion of this debt, our office will obtain verification of the debt or a copy of a judgment against you and mail it to you,*

(2) Who notified Brock & Scott in writing within the thirty day period after receipt of the notice that such person disputed all or a portion of

the debt, and

(3) To whom Brock & Scott did not mail verification of the debt.

### The First Subclass

(b) Definition of the First Subclass (who are eligible for relief under Count II):

(1) Members of the Main Class;

(2) to whom Brock & Scott sent the Fair Debt Letter, within the one year preceding the filing of this Complaint.

### The Second Subclass

(c) Definition of the Second Subclass (who are eligible for relief under Count I):

(1) Members of the Main Class;

(2) to whom Brock & Scott sent the Fair Debt Letter, within the one year preceding the filing of this Complaint;

(3) and against whom Brock & Scott pursued collection action prior to providing the consumer verification of the disputed debt.

32. *Numerosity, Fed. R. Civ. P. 23(a)(1)*. Upon information and belief, the class members are so numerous that joinder of all class members individually is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Brock & Scott and the class members may be notified of the pendency of this action by published and/or mailed notice.

33. *Predominance of Common Questions of Law and Fact, Fed. R. Civ. P. 23(a)(2)*. Common questions of law and fact exist as to all members

of the putative class. These questions predominate over the questions affecting only individual class members. The principal issues are:

    (A)  Whether Brock & Scott is a debt collector;

    (B)  Whether Brock & Scott failed to provide verification to each member of the class after the class member had disputed the alleged debts in writing within the thirty day period after receipt of the Fair Debt Letter from Brock & Scott.

34. *Typicality, Fed. R. Civ. P. 23(a)(3)*. Lovegrove's claims are typical of the claims of each putative class member. In addition, Lovegrove is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

35. *Adequacy of Representation, Fed. R. Civ. P. 23(a)(4)*. Lovegrove is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Lovegrove and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Lovegrove nor his counsel have any interests which might cause him not to vigorously pursue this action.

36. *Superiority, Fed. R. Civ. P. 23(b)(3)*. Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the

controversy. The damages sought by each member are such that individual prosecution would prove too burdensome and expensive for individual class members to litigate, which would allow Brock & Scott to continue to violate the law with impunity. It would be virtually impossible for members of the class individually to effectively redress the wrongs done to them. Even if the members of the class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in this case.

37. *Injunctive Relief Appropriate for the Class, Fed. R. Civ. P. 23(b)(2).* Class certification is appropriate because Brock & Scott has acted on grounds generally applicable to the Class, making appropriate the grant of equitable injunctive relief with respect to Lovegrove and the class members.

COUNT ONE

(VIOLATION OF THE FDCPA, 15 U.S.C. § 1692g(b))
(By Lovegrove, Personally, and in his capacity as
representative of the Second Subclass)

38. Plaintiff incorporates the allegations of paragraphs 1-37 herein.

39. Brock & Scott violated 15 U.S.C. § 1692g(b) by attempting to

collect a debt from each member of the Second Subclass prior to providing verification of the debt to such class member, after such class member disputed the debt, or any portion thereof, within thirty days of receiving a Fair Debt Letter from Brock & Scott.

40. Lovegrove and the members of the proposed Second Subclass against whom Brock & Scott last acted to collect an alleged debt within one year prior to the filing of this Complaint are therefore entitled to judgment in their favor against Brock & Scott, are entitled to the granting of an injunction, permanently enjoining Brock & Scott from violating 15 U.S.C. § 1692g(b), an award of actual damages to be proved at trial, an award of statutory damages in the amount of $1000.00 per class member, and an award of their reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k.

COUNT TWO

<u>(VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10))</u>
(By Lovegrove, personally, and in his capacity as representative of the First Subclass)

41. Plaintiff incorporates the allegations of paragraphs 1-37 herein.

42. Brock & Scott violated 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," by sending to Lovegrove and each member of the class its Fair Debt Letter falsely stating that it would provide verification of the debt to such class member if such class member disputed the debt, or any portion thereof, within thirty days of receiving a Fair Debt Letter from Brock & Scott.

43. Lovegrove and the members of the proposed First Subclass against

whom Brock & Scott last acted to collect an alleged debt within one year prior to the filing of this Complaint are therefore entitled to judgment in their favor against Brock & Scott, the granting of an injunction, permanently enjoining Brock & Scott from violating 15 U.S.C. § 1692e(10), an award of actual damages to be proved at trial, an award of statutory damages in the amount of $1000.00 per class member, and an award of their reasonable attorney fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE

### (FRAUD)
(By Lovegrove, personally, and in his capacity as representative of the Main Class)

44. Plaintiff incorporates the allegations of paragraphs 1-37. herein.

45. Brock & Scott committed fraud by falsely representing to Lovegrove and each member of the class in its Fair Debt Letter that it would provide verification of the alleged debt to such class members if such class members disputed the debt, or any portion thereof, within thirty days of receiving a Fair Debt Letter from Brock & Scott,

46. Brock & Scott made such representations in the Fair Debt Letter as a charade, merely to appear to comply with the Fair Debt Collection Practices Act, but Brock & Scott knew when it made such representation in its Fair Debt Letter that its business practice was to not provide verification to consumers of disputed debts, even when the consumer had disputed the debt within thirty days of receiving a Fair Debt Letter from Brock & Scott.

47. Lovegrove and each member of the class was entitled to rely upon Brock & Scott's statement that it would provide verification of the debt to such class member if such class member disputed the debt, or any portion thereof, within thirty days of receiving a Fair Debt Letter from Brock & Scott, because Brock & Scott had a duty under 15 U.S.C. § 1692g(b) to do what it said in the Fair Debt Letter.

48. Lovegrove and each member of the class relied to their detriment upon Brock & Scott's statement that it would provide verification of the debt to such class member if such class member disputed the debt, or any portion thereof, within thirty days of receiving a Fair Debt, by providing a dispute of the alleged debt, or a portion thereof, to Brock & Scott, by disputing the debt for no purpose, expecting that Brock & Scott would comply with the law.

49. Lovegrove and each member of the class were damaged by being subjected to such collection action by Brock & Scott when such collection action was prohibited by 15 U.S.C. § 1692g(b). The effect of Brock & Scott's actions was to deny the members of the class the right, granted by Congress in the FDCPA, to be free from collection action by a debt collector until the debt collector provided proof that the debt was actually owed.

50. Brock & Scott knew that it was prohibited from taking the action that it took against Lovegrove and each class member, but acted with reckless disregard of their rights.

51. Lovegrove and the members of the proposed class are therefore entitled to judgment in their favor against Brock & Scott, are entitled to an award of actual damages to be proved at trial, an award of punitive damages in the amount of $350,000.00 and an award of their

reasonable attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff Thomas W. Lovegrove prays that this Court will enter judgment in his favor on behalf of himself, personally, and the class he seeks to represent, against Defendant Brock & Scott, PLLC, permanently enjoin Brock & Scott from violating 15 U.S.C. § 1692g(b) and 15 U.S.C. § 1692e(10), and award a money judgment for:

(a) Actual damages suffered by Lovegrove and each member of the class, in the amount to be proved at trial;

(b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B) in the amount of $1000.00 for each member of the class against whom Brock & Scott last acted to collect an alleged debt within one year prior to the filing of this Complaint, in the amount to be proved at trial;

(c) Punitive damages in the amount of $350,000.00;

(d) Attorney fees, and costs of the litigation, pursuant to 15 U.S.C. § 1962k(a)(3); and

(e) Such other relief as the Court deems proper.

## JURY TRIAL

The Plaintiff demands trial by jury.

Respectfully Submitted,

THOMAS W. LOVEGROVE

By: _____

Gary M. Bowman, Esq.
VSB No. 28866
2728 Colonial Ave., Ste. 100
Roanoke, Virginia 24015
Tel: (540) 343-1173