IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

THOMAS W. LOVEGROVE,

    Plaintiff,

v.                                          Civil Action No. 2:16cv418

BROCK & SCOTT, PLLC,

    Defendant.

**OPINION & ORDER**

This matter is before the Court on two related motions. Plaintiff Thomas W. Lovegrove ("Lovegrove" or "Plaintiff") filed a Motion to Reconsider This Court's Opinion and Order Dated January 17, 2017 ("Motion to Reconsider"), Doc. 30, and a Motion to Amend Complaint ("Motion to Amend"), Doc. 29. For the reasons set forth herein, the Court **DENIES** both Motions.

### I.    BACKGROUND

This action arises out of a foreclosure letter that Defendant Brock & Scott, PLLC ("Defendant") sent to Plaintiff regarding the property at 70 Homeplace Circle, Moneta, Virginia. Doc. 1, Ex. B. Defendant is a law firm organized under the laws of North Carolina that maintains an office in Virginia Beach, Virginia. Id. ¶ 4. "The principal purpose of [Defendant]'s business is the collection of debts for its clients, creditors to whom debts are allegedly owed by consumers." Id. ¶ 5. Defendant also owns and operates Trustee Services of Virginia, L.L.C., which performs foreclosures in Virginia. Id. ¶ 22.

Plaintiff filed a three-count Class Action Complaint against Defendant on July 7, 2016. Doc. 1. The Complaint alleged violation of Sections 1692g(b) and 1692e(10) of the Fair Debt

1

Collection Practices Act ("FDCPA") (Counts One and Two) and fraud (Count Three). Id. Plaintiff included the description of three (3) classes in the Complaint: (1) the "Main Class" eligible for relief under Count Three consisting of all persons nationwide who received foreclosure letters with identical debt dispute language from Defendant, attempted to dispute the debt, but did not receive mailed verification of the debt from Defendant; (2) the "First Subclass" eligible for relief under Count Two consisting of members of the Main Class to whom Defendant sent the same Foreclosure Letter in the year preceding the filing of the Complaint; and (3) the "Second Subclass" eligible for relief under Count One consisting of members of the Main Class to whom Defendant sent the same Foreclosure Letter in the year preceding the filing of the Complaint and against whom Defendant pursued collection prior to verifying the debt. Id. ¶ 31.

The Court DISMISSED the Complaint on January 17, 2017. Doc. 26. The Court dismissed the FDCPA claims because Plaintiff's debt was "undisputedly discharged in Plaintiff's prior bankruptcy proceedings" and thus "Defendant's contacts with Plaintiff were not an attempt to collect a debt under the FDCPA." Id. at 8. The Court dismissed the fraud claim because Defendant's promises to comply with the FDCPA were immaterial to its dealings with Plaintiff, who no longer had the debt at issue. Id. at 12.

Plaintiff filed the instant Motion to Reconsider on February 14, 2017. Doc. 30. He filed the instant Motion to Amend on the same day. Doc. 29.

## II.     MOTION TO RECONSIDER

### A.     Legal Standard

Federal Rule of Civil Procedure 59(e) allows the Court "to alter or amend a judgment" if a motion is filed within twenty-eight (28) days after entry. Fed. R. Civ. P. 59(e). In order to alter a judgment, the moving party must show "either (1) an intervening change in the controlling

2

law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 407 (4th Cir. 2010). Mere disagreement as to how legal standards are applied will not support a motion under Rule 59(e). See United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2000) (quoting Hutchinson v. Stanton, 994 F.2d 1076, 1082 (4th Cir. 1993)). Further, Rule 59(e) "provides for an extraordinary remedy that should not be awarded except under exceptional circumstances." Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 378 (4th Cir. 2012).

**B.     Analysis**

Plaintiff's argument for reconsideration is little more than mere disagreement with the Court's ruling. He challenges the Court's holding on fraud, where the Court found that Defendant's statement that it would verify Plaintiff's debt if challenged was not <u>material</u> to its dealings with Plaintiff. Doc. 30 at 1; Doc. 28 at 2-3. Plaintiff contends that Defendant's statement was fraudulent regardless of whether it was required by the FDCPA. <u>Id.</u>

Materiality is often a mixed question of law and fact, and thus it is a question that the court decides. See Breault v. Berkshire Life Ins. Co., 821 F. Supp. 410, 414 (E.D. Va. 1993) (citing Fidelity & Guaranty Co. v. Haywood, 211 Va. 394 (1970)). Plaintiff does not demonstrate any clear error in the Court's reasoning on materiality, let alone a resulting manifest injustice that would justify reconsideration. He offers a "thought experiment" to challenge the Court's reasoning, but he offers no authority in support of his argument that Defendant's statement was material to his dealings with Defendant. See Doc. 28 at 2.

Any promises to verify debts were immaterial because both Parties knew that there was no debt attributable to Plaintiff. See Doc. 26 at 12. Defendant's foreclosure letter discussed

3

proving debts attributable to Plaintiff as part of Defendant's debt collection effort. Id. Plaintiff knew that that he had discharged the debt listed in the letter in bankruptcy and that the letter could not be a debt collection effort. Id. Furthermore, the letter also stated that "IF YOU HAVE RECEIVED A DISCHARGE IN A CHAPTER 7 BANKRUPTCY, WE ARE AWARE THAT YOU ARE NOT PERSONALLY OBLIGATED FOR THIS DEBT." Doc. 1, Ex. A. A promise to verify debts might be actionable in some contexts, as Plaintiff suggests in his Motion to Reconsider, but he offers no proof of clear error in the Court's analysis of his particular context. Thus, the Court **DENIES** the Motion to Reconsider.

### III. MOTION TO AMEND

#### A. Legal Standard

A party may amend its pleading once as a matter of course within twenty one (21) days of service or within twenty one (21) days of either a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Afterward, a party may amend its pleading with the opposing party's written consent or the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). If a party seeks leave to amend after judgment, "the district court may not grant the post-judgment motion unless the judgment is vacated pursuant to Rule 59(e) or [Rule] 60(b)." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006) (en banc).

#### B. Analysis

Plaintiff seeks leave to amend if the Court grants the Motion to Reconsider. See Doc. 29. Because the Court DENIES the Motion to Reconsider, the Court must also **DENY** the Motion to Amend.

4

## IV. CONCLUSION

For the reasons set forth herein, the Court **DENIES** the Motion to Reconsider, Doc. 30, and **DENIES** the Motion to Amend, Doc. 29.

The Clerk is **REQUESTED** to deliver electronically a copy of this Opinion and Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, VA
April 6, 2017